UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AULTON DANIEL GOBEN, III,

          Plaintiff,

v.

VITAL CORE HEALTH
STRATEGIES et al.,

          Defendants.
_____/

Case No. 1:25-cv-471

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Fentje.

Plaintiff's Eighth and Fourteenth Amendment and state law claims against Defendants Vital Core and Tomizac remain in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with at the Kent County Correctional Facility in Grand Rapids, Kent County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues **Vital Core Health Strategies**, Psychiatrist **Greg Fentje**, and Physician **Unknown Tomizac** in their personal and official capacities.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that in October of 2024, Defendant Fentje increased the dosage of his Depakote from 1000 mg to 1500 mg. (ECF No. 1, PageID.3.) Subsequently, in November of 2024, Plaintiff's blood was drawn in order to check Plaintiff's liver function and white blood cell count. Plaintiff had been told by Defendant Fentje that Depakote is hard on the liver and can affect the bone marrow and lower white blood cell count. (*Id.*) Plaintiff was told that the results were within the acceptable limits. (*Id.*)

In January of 2025, Defendant Fentje told Plaintiff that his liver was functioning perfectly and increased Plaintiff's prescribed Vyvanse to 30 mg, which caused Plaintiff to have panic attacks. (*Id.*) In March of 2025, Plaintiff was told by an unnamed female physician that his liver was failing and that his white blood count was extremely low. The female physician also told Plaintiff that Defendant Vital Core Health Strategies did not want to pay for the medication Plaintiff needed for his liver because it was too expensive and that they would not prescribe him any pain medication. (*Id.*) Plaintiff states that while confined at the Kent County Correctional Facility he has lost approximately 60 pounds. (*Id.*)

In April of 2025, Plaintiff kited medical because his stool was gray. On April 11, 2025, Defendant Tomizac visited Plaintiff about his stool and told him that it was only a problem if the stool was chalky. (*Id.*) Plaintiff responded that it was chalky and that his liver was failing. (*Id.*, PageID.3–4.) Plaintiff repeated what he had been told by the female physician, that his liver was supposed to be functioning "from a 45 to 90" and that his "liver functioning level was at a 23." (*Id.*, PageID.4.) Defendant Tomizac stated that "23 was even better" and walked away. (*Id.*)

Plaintiff asserts that Defendants violated his Eighth and Fourteenth Amendment rights, as well as his rights under state law. (*Id.*) Plaintiff seeks compensatory, punitive, and nominal damages, as well as injunctive relief. (*Id.*, PageID.5.)

4

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

5

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Deliberate Indifference to Medical Condition

Plaintiff asserts that Defendants violated his Eighth and Fourteenth Amendment rights when they denied him adequate medical atttention. Plaintiff does not indicate whether he is a pretrial detainee or a convicted prisoner.[2] Both "[t]he Eighth and Fourteenth Amendments are violated 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). The application of the proper constitutional right depends on the nature of plaintiff's detention: the Eighth Amendment applies to convicted prisoners and the Fourteenth Amendment applies to pretrial detainees. *Id.* (citations omitted). Because Plaintiff does not specify the nature of his custody, the Court considers Plaintiff's claims under both the Eighth and Fourteenth Amendment standards.

An Eighth Amendment claim has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the inmate must show that he faced a sufficiently serious risk to his health or safety. *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834). The subjective component requires an inmate to show that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Id.* Deliberate indifference "entails something more than mere negligence," but can be

---

[2] It appears that Plaintiff was likely on parole when he allegedly committed the offense for which he is detained. *See* Mich. Dep't Corr. Inmate Locator, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=699554 (last visited Aug. 7, 2025); *see also* KCCF Inmate Locator https://eisjailviewer.kentcountymi.gov/Home/BookingSearchQuery_KCSOMI (enter "Goben" for "Last Name," enter "Aulton" for "First Name," select "Search") (last visited Aug. 7, 2025).

6

"satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). Specifically, the United States Supreme Court held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

However, *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592. Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to show deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). That is, a pretrial detainee must show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of

7

harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Further, a pretrial detainee must still show that he faced a sufficiently serious risk to his health or safety to satisfy the objective prong. *Cf. Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (stating that "*Brawner* left the 'objectively serious medical need' prong untouched"); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

### 1.     **Defendant Vital Core**

Plaintiff alleges that an unnamed female physician told him that his liver was failing and that his white blood count was extremely low, but that Defendant Vital Core would not pay for the medication he needed for his liver or for pain medication because it was too expensive. (ECF No. 1, PageID.3.) Although Plaintiff's allegations are sparse, the Court concludes that at this point in the litigation, they are sufficient to prevent the dismissal of his claims against Defendant Vital Core.

### 2.     **Defendant Fentje**

Plaintiff alleges that in October of 2024, Defendant Fentje increased the dosage of his Depakote from 1000 mg to 1500 mg and advised Plaintiff that Depakote is hard on the liver and can affect the bone marrow and lower white blood cell count. (*Id.*) Subsequently, in November of 2024, Plaintiff's blood was drawn in order to check Plaintiff's liver function and white blood cell count. (*Id.*) Plaintiff was told that the results were within the acceptable limits. (*Id.*) In January of 2025, Defendant Fentje told Plaintiff that his liver was functioning perfectly and increased Plaintiff's prescribed Vyvance to 30 mg, which caused him to suffer panic attacks. (*Id.*) Plaintiff does not make any further allegations regarding Defendant Fentje. Three months later, in March of 2025, Plaintiff was told that his liver was failing. (*Id.*)

To the extent that Plaintiff is asserting that Defendant Fentje should not have increased his dosage of Depakote, which ultimately caused side effects, the Court notes that Plaintiff also alleges that Defendant Fentje monitored his test results following the increase in the dosage of Depakote and that the results were within acceptable limits. Taking Plaintiff's factual allegations as true, as the Court is required to do, it appears that Plaintiff's liver began failing at a time that he was not being seen or treated by Defendant Fentje. Nowhere in his complaint does Plaintiff allege facts showing that Defendant Fentje was aware of Plaintiff's liver condition and was deliberately indifferent to that condition.

In addition, to the extent that Plaintiff is claiming that Defendant Fentje's decision to increase the dosage of his Vyvance prescription caused him to suffer panic attacks, the Court notes:

> "Allegations that a prisoner experienced unanticipated side effects from a prescribed medication, without more, do not give rise to an Eighth Amendment violation for deliberate indifference to serious medical needs." *Reed v. Craig*, No. 1:11-cv-719, 2011 WL 5076449 at *3 (S.D. Ohio Oct. 25, 2011), *report and recommendation adopted by* 2011 WL 6442376 (S.D. Ohio Dec. 21, 2011); *see also Ealey v. Tetirick*, No. 2:14-cv-194, 2014 WL 6473106 at *3 (W.D. Mich. Nov. 18, 2014) (finding no deliberate indifference after a prison doctor prescribed a medication which caused unwanted side effects because there was "no indication that [the doctor] knew that [the prisoner] would suffer an adverse reaction to the medication"); *Hall v. Nurse*, No. 1:09-cv-381, 2009 WL 2243781 (S.D. Ohio July 23, 2009) (holding that although the plaintiff alleged that he suffered adverse side effects from a prescription medication this showed at most negligence because the prisoner did not allege that the defendants knew plaintiff would suffer an adverse reaction from the medication) (collecting cases).

*Stone v. Good Old Boys Domestic Terrorists' Org.*, No. 5:23-CV-P139-JHM, 2025 WL 1262061, at *14 (W.D. Ky. May 1, 2025).

Plaintiff fails to allege any facts showing that Defendant Fentje knew that Plaintiff would suffer an adverse reaction to the increased Vyvance dosage, or that he knowingly failed to address the adverse reaction once it occurred. Therefore, Plaintiff fails to state a claim against Defendant Fentje.

9

### 3. Defendant Tomizac

Plaintiff alleges that Defendant Tomizac responded to a medical kite asserting that his stool was gray on April 11, 2025. During the visit, Defendant Tomizac told Plaintiff that it was only a problem if his stool was chalky. Plaintiff responded that his stool was also chalky and that another physician had informed him that his liver was failing. Plaintiff repeated what he had been told by the unnamed female physician and stated that his liver "functioning level was at a 23." (*Id.*, PageID.3–4.) Defendant Tomizac stated that "23 was even better" and walked away. (*Id.*) Although Plaintiff has by no means proven his claims, and his claims lack some specificity as to Defendant Tomizac's involvement, Plaintiff's allegations suggest that Defendant Tomizac ignored his complaints of symptoms and test results which showed his liver was failing. Therefore, the Court concludes that at this point in the litigation, his allegations are sufficient to prevent the dismissal of Plaintiff's claims against Defendant Tomizac.

### B. State law claims

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction with regard to Plaintiff's state law claims against Defendant Fentje. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has

10

dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction over Plaintiff's state law claims against Defendant Fentje. Accordingly, Plaintiff's state-law claims against Defendant Fentje will be dismissed without prejudice. However, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims against remaining Defendants Vital Core and Tomizac.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Defendant Fentje will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

Plaintiff's federal and state law claims against Defendants Vital Core and Tomizac will remain in the case, and Plaintiff's complaint will be served on Defendants Vital Core and Tomizac.

An order consistent with this opinion will be entered.

Dated:  August 14, 2025                    /s/ *Maarten Vermaat*
                                                                                   Maarten Vermaat
                                                                                   United States Magistrate Judge